IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


HEATHER K. DONLEY                                                    PLAINTIFF


         v.                          Civil No. 13-3029


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Heather Donley, formerly Heather Poole, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

The plaintiff protectively filed her application for SSI on August 22, 2005, alleging an onset date of July 1, 2005, due to degenerative disk disease, a bulging disk, a herniated disk, anxiety, and depression. Tr. 52-55, 78-79, 86-87, 96-97, 98-107, 110-117. Following an administrative hearing, an unfavorable decision was entered on March 20, 2008. Tr. 13-20, 588-620, 658-660. Said decision was then vacated on appeal to this court. Tr. 658-660. A supplemental hearing was held on November 11, 2011. Tr. 887-640. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 28 years of age and possessed a high school education.  Tr. 52, 84.  She had no past relevant work ("PRW") experience.  Tr. 18.

On November 2, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's bilateral carpal tunnel syndrome status post surgery, fibromyalgia, diabetes mellitus, obesity, pain disorder associated with both psychological factors and general medical condition, depressive disorder NOS, anxiety disorder NOS, and cluster B personality traits did not meet or equal any Appendix 1 listing.  Tr. 626-628.  He found that plaintiff maintained the residual functional capacity ("RFC") to perform light work requiring only occasional climbing ladders, ropes, scaffolds, ramps, and stairs; balancing; stooping, kneeling; crouching; crawling; and  fine manipulation with the hands.  The ALJ also concluded that Plaintiff could not perform any job that required rapid, repetitive flexion of the bilateral wrists, and could only perform simple, routine and repetitive tasks, involving only simple, work-related decisions with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public.  Tr. 628-642. With the assistance of a vocational expert, he then determined Plaintiff could still perform work as a hotel/motel housekeeper.  Tr. 643.

Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 11, 12.

## II.    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

2

it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age,

education, and work experience in light of his or her residual functional capacity. *See McCoy*

*v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the

most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability

claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d

731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence

in the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844

(8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible

for determining RFC based on all relevant evidence, including medical records, observations of

treating physicians and others, and claimant's own description of his limitations).  Limitations

resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §

404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700,

704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the

AO72A
(Rev. 8/82)

workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

We note that this case was previous remanded to allow the ALJ to obtain RFC assessments from treating/examining doctors and to allow him to develop the record further with regard to Plaintiff's CTS. On remand, Plaintiff was examined by Dr. David Oberlander, a neurologist, in relation to her complaints of CTS related symptoms. Tr. 864-875. An examination revealed impaired fine motor skills in the right hand with a weak grip, reduced sensory appreciation to light touch in the left and right index finger with markedly positive tinel and phalen signs noted at wrist bilaterally, and a slightly broad based gait. Some difficulty was also noted with toe, tandem, and heel walk. He concluded that she could occasionally lift up to 10 pounds but never more; occasionally simple grasp, handle, feel, push/pull with her hands and feet, reach, climb, balance, stoop, crouch, crawl, and kneel, but could never fine manipulate. Further, he opined that she should avoid moderate exposure to heights, moving machinery, chemicals, noise, humidity, dust/fumes, temperature extremes, and vibrations. The ALJ discredited Dr. Oberlander's opinion, stating that it was not supported by the general physical examination conducted by Dr. Shannon Brownfield in December 2011. However, we note that Dr. Oberlander is a specialist. And, "'[g]reater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist.'" *Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010) (quoting *Thomas v. Barnhart*, 130 Fed. Appx. 62, 64 (8th Cir. 2005)(unpublished per curiam) (citing 20 CFR §§ 404.1527(d)(5); 416.927(d)(5)).

AO72A
(Rev. 8/82)

The overall record documents Plaintiff's complaints of recurrent bilateral CTS symptoms. Nerve conduction studies conducted by Dr. Oberlander in 2012 revealed recurrent medial nerve compression at the wrist bilaterally.  And, this is bolstered by the results of Dr. Oberlander's physical examination as well as the examination of Dr. Ted Honghiran in 2012.  Tr. 876-886. His examination diminished bilateral grip strength and numbness when doing a wrist flexion test for CTS.  Although Dr. Honghiran's assessment was not as restrictive as Dr. Oberlander's, we note that the purpose of Dr. Honghiran's evaluation was to opine concerning Plaintiff's back related limitations, and he admitted that he did not review the results of her nerve conduction studies.  Accordingly, we believe that remand is necessary to allow the ALJ to properly evaluate Plaintiff's RFC in light of Dr. Oberlander's assessment. The evidence clearly supports a finding that the Plaintiff could occasionally simple grasp, handle, feel, push/pull with hands and feet, and reach.  Given that the Plaintiff's wrists are involved in lifting, consideration should also be given to Dr. Oberlander's determination that Plaintiff could occasionally lift up to 10 pounds but never more.

We also note that the ALJ ignored Drs. Honghiran and Oberlander's environmental recommendations.  In April 2007, Dr. Honghiran limited Plaintiff to occasional work near mechanical parts; requiring operation of a motor vehicle; and, work near dust, odors, fumes, other pulmonary irritants, or extreme cold or heat.  Tr. 471-477.  Again, in 2012, he opined that she could only occasionally work near unprotected heights and operate a motor vehicle.  Tr. 876-886. Dr. Oberlander also indicated that she should avoid moderate exposure to heights, moving machinery, chemicals, noise, humidity, dust/fumes, temperature extremes, and vibrations.  Tr. 864-875. This is particularly troubling given the fact that the ALJ found Plaintiff could perform

6

work as a hotel/motel housekeeper.  Therefore, on remand, the ALJ should also reconsider these

limitations.

**IV.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding

this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C.

§ 405(g).

DATED this 7th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)